IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| KENNETH BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 5:21-mc-06004-DGK |
| ) | |
| MARK DOTSON, KIM DOTSON, ) | |
| & TRI RIVERS ENTERPRISES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER REGARDING MOTION TO COMPEL

This case is a miscellaneous action arising from litigation in the Northern District of Georgia ("the Georgia litigation"). The Plaintiff in this action is the Plaintiff in the Georgia litigation. Defendants in this action are third parties to the Georgia litigation who reside in this district, and who allegedly possess information relevant to that case but ignored properly issued subpoenas to testify at a deposition and produce records. Now before the Court is Plaintiff's motion to compel the deposition and production of documents by Defendants (Doc. 1). For the reasons stated below, this motion is DENIED WITHOUT PREJUDICE.

Plaintiff served subpoenas upon all Defendants requiring their presence at a December 2020 deposition to be held in Kansas City, Missouri, which is within one-hundred miles of Defendant Tri Rivers Enterprises' principal place of business. None of the Defendants appeared. Plaintiff now moves this Court to compel the Defendants' appearance at a future deposition and production of certain documents. Plaintiff, however, does not appear to have served the pending motion on Defendants.

Plaintiff's motion to compel is subject to Rule 5(a)(1)(D), which requires "a written motion, except one that may be heard ex parte" be served on "every party." The motion is also brought pursuant to Rule 37(a)(1), which requires "notice to other parties and all affected persons." Thus, the motion cannot be heard ex parte. *Zemaitiene v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, No. 2:16-cv-1271, 2019 WL 10817152, at *2 n.21 (D. Utah June 19, 2019) (finding service improper of a motion which was merely filed electronically to an unrepresented party); *In re Motion to Quash Subpoena to Bergan, Paulsen & Co.*, No. 11-mc-00072-JSS, 2011 WL 6826416, at *3 (N.D. Iowa Dec. 28, 2011) (finding Rule 5 written so broadly as to cover "virtually all documents"); *Alexander v. Cty. of Onondaga*, No. 5:08-CV-748, 2009 WL 866826, at *1 (N.D.N.Y. Mar. 30, 2009) (finding motion not served on all parties according to Rule 5 to be deficient). Although it appears from the existing record that Plaintiff validly served Defendants with subpoenas to appear at a deposition (Docs. 1-3 and 1-4), and none of the Defendants appeared (Doc. 1-5), because Defendants have not been served with the motion to compel, the Court cannot grant it at the present time.

If and when Plaintiff properly serves Defendants with the motion to compel, or files a brief with pinpoint citation explaining why Plaintiff did not need to serve Defendants with the motion, the Court will promptly reconsider Plaintiff's motion. The Court also requests that if Plaintiff files proof of service (or additional briefing), Plaintiff email a proposed order to the courtroom deputy.

**IT IS SO ORDERED.**

Date: January 14, 2021            /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT