IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| KENNETH BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 5:21-mc-06004-DGK |
| | ) | |
| MARK DOTSON, KIM DOTSON, | ) | |
| & TRI RIVERS ENTERPRISES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER REGARDING FILING

This case is a miscellaneous action arising from litigation in the Northern District of Georgia ("the Georgia litigation"). The Plaintiff in this action is the Plaintiff in the Georgia litigation. Defendants in this action are third parties to the Georgia litigation who reside in this district, and who allegedly possess information relevant to that case but ignored properly issued subpoenas to testify at a deposition and produce records. Now before the Court is Plaintiff's "Notice of Filing – Proof of Service," ECF No. 5, made in response to the Court's January 14, 2021, Order Regarding Motion to Compel. ECF No. 2.

In its previous Order, the Court declined to grant Plaintiff's motion to compel Defendants deposition and the production of documents by Defendants because Plaintiff failed to serve them with the motion to compel. After reviewing Plaintiff's latest filing, the Court remains unconvinced that Plaintiff has properly served all parties in this matter with the motion.

Plaintiff's motion to compel "must be served on *every* party . . . ." Fed. R. Civ. P. 5(a)(1) (emphasis added). "Plaintiffs are responsible for obtaining proper service on defendants."

*Atkinson v. Frank*, No. 93-1385, 1993 WL 263110, at *1 (8th Cir. July 14, 1993). Thus, Plaintiff bears the burden of demonstrating proper service.

Here, Plaintiffs filed a single document purporting to show service on all three Defendants. But Plaintiff's proof of service lists only "Tri-Rivers Enterprises, Inc." as the party served. ECF No. 5-1. Hence, as best the Court can tell, service was proper only as to Tri Rivers Enterprises, Inc. *See Dayton v. Lash*, 94 U.S. 112, 112 (1876) (holding proceedings improper when "the affidavits presented upon this motion fail to satisfy us that proper service was ever in fact made"). This single filing does not satisfy Rule 5's requirement to serve every party. Moreover, the Court notes its prior order directed Plaintiff to submit a proposed order to the Courtroom Deputy.

Because Plaintiff has failed to adequately serve individual Defendants Mark Dotson and Kim Dotson, the Court cannot grant the motion to compel with respect to them. However, because Plaintiff appears to have properly served Defendant Tri-Rivers Enterprises, Inc., the Court will grant the motion with respect to it once Plaintiff has submitted an appropriate proposed order via email to the Courtroom Deputy.

**IT IS SO ORDERED.**

Date: April 2, 2021  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT